UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALFRED L. FRANK,

        Plaintiff,

   v.

JOHN E. POTTER,

        Defendant.

CASE NO. C7-5535BHS

ORDER GRANTING
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 20). The Court has considered the pleadings filed in support of the motion, Plaintiff's failure to respond, and the remainder of the file, and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On September 28, 2007, Plaintiff Alfred L. Frank filed a complaint against Defendant Postmaster General John E. Potter, alleging employment discrimination. Dkt. 1. Plaintiff alleges that Defendant terminated his employment because of Plaintiff's age. *Id.*

On June 1, 2009, Defendant filed a Motion for Summary Judgment. Dkt. 20. Plaintiff did not respond. On June 26, 2009, Defendant replied. Dkt. 21.

ORDER - 1

## II. FACTUAL BACKGROUND

On April 18, 2005, the U.S. Postal Service ("USPS") hired Plaintiff as a Casual Employee. Defendant claims that a Casual Employee is an employee who is hired to a non-permanent or non-career position, for example, to temporarily replace an absent permanent or career employee, or for seasonal work (e.g., during Christmas). Dkt. 20-3, Declaration of Zachary Carter ("Carter Decl."), ¶ 2. After being hired by the main branch, such an employee is appointed to a particular USPS station and hiring decisions are then made at that station. *Id*.

On April 25, 2005, Plaintiff reported to the USPS's University Place Station in Tacoma, Washington, as a temporary replacement (or "trigger") for Bobbi Matanane, a mail carrier who had been detailed to a higher level job. Carter Decl. ¶¶ 3,4. On that day, Plaintiff completed a driving examination and some preliminary training. Dkt. 20-2, Declaration of J. Michael Diaz, Exh. A, Deposition of Alfred L. Frank ("Frank Dep.") at 40-42. The driving examiner did not make any statement regarding Plaintiff's age. *Id*. at 42. Following the driving examination, Plaintiff met with the Manager of Customer Service, Zachary Carter. *Id*. During that meeting, Plaintiff alleges that Mr. Carter asked him his age. *Id*. at 44. Plaintiff stated that Mr. Carter made no further comments about his age. *Id*. at 50.

Mr. Carter then gave Plaintiff a tour of the station and asked him to return the next day for further training. *Id*. at 48. Mr. Carter claims that "it is standard for me to confirm that a new mail carrier has a valid driver's licence and to verify the information on a new employee's driver's license, including a new employee's date of birth." Carter Decl. ¶ 3. Mr. Carter admits that he asked Plaintiff to verify the date of birth on his driver's license. *Id*.

From April 26 to April 28, 2005, Plaintiff received three days of "in the field" training during which time he rode individually with three different "experienced mounted mail carriers" in the University Place neighborhood. Complaint at 2. These

ORDER - 2

1  mail carriers "let [Plaintiff] see how they delivered the mail and answered all of
2  [Plaintiff's] questions." *Id*. During the training, Plaintiff was taught "all the procedures
3  to deliver the mail" and "how to do the job." *See* Frank Dep. at 51:22-24 & 53:15-16.
4  Plaintiff does not allege that any of these experienced carriers made any statements about
5  his age. *Id*. at 52:18-19 & 54:5.

On the morning of April 29, 2005, Plaintiff attended a final classroom training session at a USPS training facility in Seattle on safety procedures given by Mike Offield. *Id*. at 27:10 & 55:17-57:10. During that training, Plaintiff alleges that Mr. Offield asked him his age. *Id*. at 57:11-14. Plaintiff stated that neither Mr. Offield nor anyone else made any other comments about his age. *Id*. at 63:16-24. Plaintiff also does not contest that Mr. Offield has no role in employment decisions and has no evidence that Mr. Offield spoke to his supervisors. *Id*. at 62:13-20.

On April 30, 2009, Plaintiff reported to the University Place Station at approximately 9:15 a.m. *Id*. at 69:12-70:2. Plaintiff claims that he talked with the line supervisor, Alexander Lim, and that he was provided a package of mail to deliver along with a map. *Id*. at 70:16-71:14. Mr. Kim claims that the "volume of mail provided should have taken approximately one (1) hour." Dkt. 20-4, Declaration of Alexander S. Lim, ¶ 3. It was a new route for Plaintiff, but Plaintiff testified that "there's no problem with that." Frank Dep. at 71:18.

It is undisputed that Plaintiff did not complete the delivery of the mail on April 30, 2009. Specifically, Plaintiff himself estimates that he was on the route for approximately three to four hours and delivered only two-thirds of the mail provided, at which time he called his supervisor to ask about the location of a bathroom. Frank Dep. at 72:18-25. As requested by his supervisor, Plaintiff returned to the Station, clocked out, and went home, without having finished the route. *Id*. at 77:1-3 & 77:25-78:2.

On each of the next few days, Plaintiff called the Station to inquire about additional work and was told there was none. Frank Dep. at 78:3-5. Shortly thereafter,

Plaintiff was advised that the USPS did not "have any use for [his] services anymore" and terminated his employment. *Id.* at 78:6-8. Plaintiff stated that the "reason [USPS] gave for terminating [Plaintiff's employment]" was that "the person who had supposedly had a position . . . returned back from some other place." *Id.* at 93:1-21; *see also* Diaz Decl., Exhibit D (Plaintiff's EEO Complaint) at 3 ("person who had the job I was hired to fill was returning."). That is, as stated in Mr. Carter and Mr. Lim's declarations, Plaintiff was hired as a temporary replacement (or "trigger") for Ms. Matanane, a mail carrier who had been detailed to a higher level job. Lim Decl. ¶ 4; Carter Decl. ¶ 4. When Ms. Matanane returned from her detail to resume her prior route, there was no further need for Mr. Frank's services. *Id.*; *see also* Frank Dep. at 93:24 (Ms. Matane had "a right to that position.").

Defendant claims that at least two other younger Casual Employees, employed both before and after Mr. Frank's employment, were terminated for, in part, similar reasons. Lim Decl. ¶ 5; Carter Decl. ¶ 6. Defendants also claims that "there was a second reason Plaintiff was terminated." Dkt. 20 at 6. Mr. Carter declares that Plaintiff performed at a level that was not acceptable. Carter Decl. ¶ 5; *see also* Diaz Decl., Exhibit B (PS Form 50: Notification of Personnel Action) ("failure to meet the requirements of the position").

### III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Defendant's Motion**

The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq*., makes it unlawful for an employer to discriminate against any employee "because of" that individual's age. *Id*. § 623(a). "[A] plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Financial Services, Inc.*, 577 U.S. ___, 129 S. Ct. 2343, 2352 (2009).

In this case, Plaintiff has failed to show that there exists a question of fact whether his age was the "but-for" cause of Defendant's termination of his employment. Viewing the facts in the light most favorable to Plaintiff, he has shown only that employees asked about his age on two different occasions. These inquires hardly rise to the level of discrimination "because of" an employee's age. Moreover, Defendant has submitted evidence that Plaintiff was hired on a temporary or "Casual Employee" basis and that Plaintiff's on-the-job performance was substandard. These uncontroverted facts show that Plaintiff's age was not the cause of Defendant terminating his employment.

Therefore, the Court grants Defendant's motion for summary judgment because Plaintiff has failed to show that a material question of fact exists whether his age was the "but-for" cause of Defendant decision to terminate his employment.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 20) is **GRANTED**.

DATED this 27th day of July, 2009.

BENJAMIN H. SETTLE
United States District Judge